RLI Ins. Co. v Navigators Ins. Co. (2019 NY Slip Op 03663)





RLI Ins. Co. v Navigators Ins. Co.


2019 NY Slip Op 03663


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


652471/11 9250 153250/15 9249

[*1]RLI Insurance Company, Plaintiff,
v
Navigators Insurance Company, et al., Defendants-Respondents, State National Insurance Company, Defendant-Appellant, American Home Assurance Company, et al., Defendants.
Scottsdale Insurance Company, Plaintiff-Respondent,RLI Insurance Company, et al., Defendants, Navigators Insurance Company, et al., Defendants-Respondents, State National Insurance Company, Defendant-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (Aaron Brouk of counsel), for appellant.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for Navigators Insurance Company, Kulka Construction Corp. and Kulka Contracting, LLC, respondents.
Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for Scottsdale Insurance Company, respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 17, 2018, which, to the extent appealed from as limited by the briefs, denied defendant State National Insurance Company's motion for summary judgment declaring that State National has no further duty to indemnify defendant Granite Building 2, LLC, Kulka Contracting, LLC, or FXR Construction, Inc. for damages in the underlying action and that it has no duty to pay pre- or postjudgment interest that accrued after August 19, 2016, unanimously reversed, on the law, with costs, the motion granted, and it is declared that State National has no further obligation to indemnify Granite, Kulka or FXR in the underlying action and has no obligation to pay prejudgment or postjudgment interest that accrued after August 19, 2016.
The insurance policy issued by State National had a per-occurrence limit of liability of [*2]$1,000,000. In accord with the plain language of the policy, State National's payment of the full amount of the policy limit on August 19, 2016 extinguished its obligation to pay any prejudgment interest that might accrue after that date. Moreover, State National's unconditional payment of the full amount of the policy limit to the plaintiffs in the underlying action before the entry of the judgment also extinguished its obligation to pay any postjudgment interest (see Ragins v Hospitals Ins. Co., Inc., 22 NY3d 1019 [2013]). The plain language of the policy provided that State National would be obligated to pay postjudgment interest that accrued before it paid that part of the judgment that did not exceed the policy limit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK